SEEMAN et al. v. CHAS. M. SCOTT PACKING CO.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

SALES (§ 173*)—REFUSAL TO DELIVER—SHIPPING DIRECTIONS.

The contract of sale by defendant to plaintiffs of tomatoes to be packed by defendant giving plaintiffs' address, providing for shipment "as soon as packed," and not providing for further shipping instructions, defendant could not refuse to deliver because further shipping instructions were not promptly given; the letter of the broker who made the sale, sent by him, with the contract, to defendant, stating that he had asked for immediate shipping instructions and hoped to have same in a day or two, being no part of the contract, and not being binding on plaintiffs.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 431–433; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Seeman and others, doing business as Seeman Bros., against the Chas. M. Scott Packing Company. From a judgment for defendant, entered on a trial without a jury, and from an order, seeking review also of an intermediate order opening defendant's default, plaintiffs appeal.   Judgment reversed, with directions for judgment.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Goldsmith, Cohen, Cole & Weiss (Harry J. Leffert, of New York City, of counsel), for appellants.

H. De F. Hilliard, of New York City, for respondent.

PAGE, J.   This action was brought to recover damages for breach of a contract for the sale of 2,400 dozen cans of tomatoes. The contract, which was a broker's bought and sold note, provided:

"Delivery f. o. b. factory.  Date of shipment: Promptly as soon as packed."

The broker, in the letter inclosing the bought note to the defendant, stated:

"We have asked for immediate shipping instructions on this sale, and hope to have same in a day or two."

It seems no shipping instructions were in fact given until September 10th, 11 days after the date of the contract.   The plaintiffs were notified between the 15th and 20th of September that the defendant refused to deliver the goods.   The market price of canned tomatoes of this grade had in the meantime increased 10 cents per dozen.   The alleged reason for the defendant's refusal to deliver was that they had not been furnished with shipping instructions promptly, as we gather from the questions asked by defendant's counsel on cross-examination, for the defendant offered no evidence, having rested upon the court's refusal to direct a verdict for the defendant at the close of plaintiffs' case.   There being no jury, how the court could comply with the motion is not obvious.   The

contract did not provide for further shipping instructions, and the defendant could have shipped the goods to the address of the purchaser as given in the contract "as soon as packed," and thus made a complete delivery. The letter of the broker to the defendant was no part of the contract, and was not binding on the plaintiffs.

The judgment for the defendant was erroneous, and should be reversed, with costs, and judgment directed for the plaintiffs for $240, with costs in this court and in the court below. It is not necessary to pass upon the orders sought to be reviewed, further than to say that we are of opinion that the default was properly opened, and the judgment should have been set aside. All concur.